**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. WILLIAM P. GRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10 C 3421 |
| v. | ) | |
| | ) | |
| CHIROPRACTORS BUYING GROUP, INC., | ) | |
| H & H WHOLESALE SERVICES, INC., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1. Plaintiff Dr. William P. Gress, brings this action to secure redress for the actions of defendants Chiropractors Buying Group, Inc. and H & H Wholesale Services, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the common law (conversion).

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Dr. William P. Gress, is an individual with offices at 855 Maple Avenue, Homewood, Illinois 60430, where he maintains telephone facsimile equipment.

4. Defendant Chiropractors Buying Group, Inc., is a Michigan corporation. Its registered agent and office is Howard B. Goldman, 3500 W. Maple Road, Suite A/B, Bloomfield Hills, Michigan 48083.

5. Defendant H & H Wholesale Services, Inc. is a Michigan corporation. Its registered agent and office is Howard B. Goldman, 1099 Rochester Road, Troy, MI 48083.

6. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

8. Personal jurisdiction and venue are proper in this District, in that defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

## FACTS

9. On February 1, 2010, plaintiff Dr. William P. Gress received the unsolicited fax advertisement attached as <u>Exhibit A</u> on his facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendants Chiropractors Buying Group, Inc. and H & H Wholesale Services, Inc. are responsible for the actions of the individuals who sent the faxes.

12. The unsolicited fax advertisement was sent from H & H Wholesale Services, Inc.

13. Defendant Chiropractors Buying Group, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

14. Each fax refers to a website used by defendant Chiropractors Buying Group, Inc.

15. Howard Goldman is the vice president and COO of Chiropractors Buying Group, Inc. and the president of H & H Wholesale Services, Inc.

16. Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

17. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

18. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

19. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

20. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

21. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

22. Plaintiff incorporates ¶¶ 1-21.

23. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

24. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

25. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

4

26. Plaintiff and each class member is entitled to statutory damages.

27. Defendants violated the TCPA even if their actions were only negligent.

28. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with fax numbers (b) who, on or after April 29, 2007 through and including March 3, 2011, (c) were sent faxes by or on behalf of defendants Chiropractors Buying Group, Inc., or H & H Wholesale Services, Inc., promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

30. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

31. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA; and

        d.       Whether defendants thereby converted the property of plaintiff.

    32.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    33.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

    34.     Several courts have certified class actions under the TCPA. <u>Sadowski v. Med1 Online, LLC</u>, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); <u>Hinman v. M & M Rental Ctr.</u>, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); <u>Kavu, Inc. v. Omnipak Corp.</u>, 246 F.R.D. 642 (W.D.Wash. 2007); <u>Gortho, Ltd., v. Websolv</u>, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>Lampkin v. GGH, Inc.</u>, 146 P.3d 847 (Okla. Ct. App. 2006); <u>Display South, Inc. v. Express Computer Supply, Inc.</u>, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); <u>Display South, Inc. v. Graphics House Sports Promotions, Inc.</u>, 992 So. 2d 510 (La. App. 1st Cir. 2008); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.</u>, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see <u>State of Texas v. American</u>

Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

35. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

### COUNT II – CONVERSION

36. Plaintiff incorporates ¶¶ 1-21.

37. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

38. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

39. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

40. Defendants knew or should have known that such appropriation of the

paper and ink or toner was wrongful and without authorization.

41. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

42. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

43. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with fax numbers (b) who, on or after April 29, 2006 through and including March 3, 2011, (c) were sent faxes by or on behalf of defendants Chiropractors Buying Group, Inc., or H & H Wholesale Services, Inc., promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

44. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby committed the tort of conversion;

    d.  Whether defendants thereby converted the property of plaintiff.

  46.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

  47.  A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

  48.  Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.  Appropriate damages;

    b.  An injunction against the further transmission of unsolicited fax advertising;

    c.  Costs of suit;

    d.  Such other or further relief as the Court deems just and proper.

          s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\24339\Pleading\Second Amended Complaint_Pleading.WPD

10

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

    s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

   I, Daniel A. Edelman, certify that on June 30, 2010, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the Court's CM/ECF system:

 Eric L. Samore
 esamore@osalaw.com

 Erin A. Walsh
 ewalsh@salawus.com

 Molly A. Arranz
 marranz@salawus.com

 Albert M. Bower
 abower@salawus.com


                s/ Daniel A. Edelman
                Daniel A. Edelman


Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)