**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. WILLIAM P. GRESS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHIROPRACTORS BUYING GROUP, INC., ) <br> H&H WHOLESALE SERVICES, INC., ) <br> and JOHN DOES 1-10, ) <br> ) <br> Defendants. ) | 10 C 3421 <br><br> Judge St. Eve |

**FINAL APPROVAL ORDER**

1. On August 18, 2011, this Court preliminarily approved the Class Settlement Agreement reached between Dr. William P. Gress ("Plaintiff") and Chiropractors Buying Group, Inc. ("CBG") and H&H Wholesale Services, Inc. ("H&H") (collectively, "Defendants").

2. The Court approved a form of notice for the class. The Court is informed that actual notice was sent by facsimile and by U.S. Mail by Plaintiff's Counsel's agents, to Class Members. Class Counsel also posted the Class Notice on their firm's website, www.edcombs.com.

3. On January 5, 2012, the Court held a fairness hearing to which Class Members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

    a. The Court finds that the Class covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

1

    b.  The Court finds that the provisions for notice to the Class satisfy the requirements of FED. R. CIV. P. 23 and due process.

  4.  The Court finds that the settlement is fair and reasonable, and hereby approves the CLASS SETTLEMENT AGREEMENT submitted by the parties, including the release and the payment by Defendants and their insurer, Great American Insurance Company, to create a Settlement Fund of $275,000. The Court further approves of the distribution of the Settlement Fund as follows:

    a.  Payment of $5,000 to Dr. William P. Gress, as an incentive award for his services as a class representative, in addition to his recovery as a class member.

    b.  An award of attorneys fees in the amount of $82,500. In addition, plaintiff's counsel is entitled to recover reasonable costs incurred for notice and administration of the settlement.

    c.  After payments set forth in subparagraphs (a) and (b) of this Paragraph, the balance of the Settlement Fund shall be distributed equally and on a pro rata basis among those members of the Class (including Plaintiff) who returned a duly executed claim form that is timely or that is otherwise approved by the Court. Class members shall be paid by check void 60 days after issuance. In addition to a cash payment, each Class Member who returned a valid claim form will be sent a coupon offering 25% off of an order up to $2,000 of CBG or H&H products that can be used only within the time period specified in the coupon.

    d.  Any amount of the Settlement Fund that remains unclaimed, uncashed or undistributed, will be distributed to the following *cy pres* recipients: AIDS Legal Council of Chicago and the American Cancer Society. This distribution will be made not less than 30 days after expiration of the void date on the Class Members settlement checks.

5.      The Effective Date is defined as the date that the Settlement Agreement becomes effective upon the occurrence of all of the following: (1) The Court's entry of a final order approving the Agreement as fair, reasonable, and adequate to the Settlement Class; finding that the Agreement is fair and made in good faith; and (2) (a) if no objection is received, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment, and decree becomes a final non-appealable order, or (c) if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment, and decree which disposition (i) approves the Court's final order, judgment and decree, and the terms and provisions of the Agreement, and (ii) order the consummation of the settlement in accordance with the terms and provisions of the Agreement.

6.      <u>Plaintiff and Class Members Release</u>:

As of the Effective Date, Plaintiff and those Class Members who do not opt out of the Settlement Class (whether or not such members submit a claim form)(collectively "Releasors"), fully releases and discharges the Released Parties (as that term is defined in paragraph 11(a) of the parties' Settlement Agreement) from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which each such Settlement Class Member now has or ever has against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission of an unsolicited advertising facsimile by or on behalf of CBG and H&H from April 29, 2006 through and including March 3, 2011. The Settlement Class excludes persons and entities whose fax numbers were exported to defendants' broadcaster specifically on or about February 1, 2010, and

who did not receive a fax in the form of <u>Exhibit A</u> to the Second Amended Complaint, according to the broadcaster's transmission reports, for that particular transmission only.

       7.      Two Class Members have opted out of the Settlement: Loranger Family Wellness Center, P.C. and Kids Country Child Care and Learning Center. No Class Members have objected to the Settlement. The Court allows the 8 claims submitted after the claims deadline.

       8.      The Court finds the Agreement was negotiated in good faith, at arm's length and is fair, reasonable and adequate to the Class.

       9.      The Court directs the Defendant's insurer to deliver sums equal to the Settlement Fund to Plaintiff's Counsel within 14 days of the date this Order is entered. Plaintiff's Counsel is to hold the Settlement Fund in their firm's client trust account until the Effective Date.

       10.      Within 21 days after entry of this Order, defendants shall provide to Plaintiff's Counsel or their agent a list of Class Members who will be sent the CBG coupons and a list of Class Members who will be sent H&H coupons. Along with the lists, defendants shall provide the appropriate number of coupons for Plaintiff's Counsel or their agent to include in the envelopes with the settlement checks.

       11.      Plaintiff's Counsel's agent shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order and the parties' Settlement Agreement to the Class Members within 35 days of the Effective Date.

       12.      Plaintiff's incentive award and the award of attorney's fees and costs may be distributed to Plaintiff and Plaintiff's Counsel within 14 days of the Effective Date.

       13.      Plaintiff to submit a memorandum in support of final accounting of

the settlement 15 days after payment of the *cy pres* checks.

      14.     Plaintiffs Counsel or their agent to make the *cy pres* payments 30 days after expiration of the void date on the Class Members' checks.

      15.     Parties to file a stipulation of dismissal on January 20, 2012. Court to retain jurisdiction to enforce the settlement until the parties' stipulation of dismissal is entered.

      16.     Strategic Claims Services at 600 N. Jackson St., Suite 3, Media, PA 19063 will be the Class Administrator.

Dated: January 5, 2012

                                                  Judge Amy J. St. Eve